

Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131 | tel 212.858.1000 | fax 212.858.1500

Samuel V. Eichner
tel: 212.858.1154
sam.eichner@pillsburylaw.com

September 12, 2023

The Honorable Vernon S. Broderick                                              **VIA ECF**
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

      Re:    <u>*Olivet University v. Olivet College n/k/a The University of Olivet*, 1:23-cv-07909</u>

Dear Judge Broderick:

      Pursuant to the Court's September 8, 2023 Order (ECF No. 17), the parties have met and conferred concerning a temporary restraining order ("TRO") pausing Respondent's rebranding pending resolution of Petitioner Olivet University's Petition and Request for a Temporary Restraining Order and Preliminary Injunction in aid of arbitration, but have been unable to reach an agreement. Specifically, the parties have exchanged written proposals via email, and counsel for the parties met via video conference on Monday, September 11, 2023.

      The parties' respective proposals and positions are set forth below:

**<u>Petitioner's Proposal</u>**

1. Olivet College shall not further create or disseminate, circulate or distribute any digital content or print materials with THE UNIVERSITY OF OLIVET, UOLIVET, UO, or other pairing of OLIVET with UNIVERSITY.

2. To the extent any such content or materials described in item 1 have been created but not yet disseminated, circulated or distributed externally to any third parties (including but not limited to partners, vendors, manufacturers, students, prospective students, or alumni), Olivet College shall be prohibited from disseminating, circulating or distributing such content and materials externally to any third parties.

3. In any future external communications, including but not limited to any correspondences, meetings, press conferences, public events, sporting events, or presentations, Olivet College must use the name "Olivet College," may not use the name "The University of Olivet," except to explain that its current rebrand to THE UNIVERSITY OF OLIVET has been objected to and is pending arbitration.

September 12, 2023
Page 2 of 4

4. Olivet College shall notify the U.S. Department of Education of the ongoing judicial and arbitral proceedings and ask the U.S. Department of Education to pause its name-change application pending the outcome of such proceedings.

5. Olivet College shall implement on its official website homepage and official social media profiles the following disclaimer in bold size 30 Times New Roman font in capital letters: **WE ARE NOT AFFILIATED WITH, SPONSORED BY, NOR ENDORSED BY OLIVET UNIVERSITY (www.olivetuniversity.edu)**.

**Respondent's Proposal**

1. The University of Olivet will not expand its use of THE UNIVERSITY OF OLIVET to new campuses outside of Olivet Michigan

2. The University of Olivet will not expand its services under THE UNIVERSITY OF OLIVET mark to include degree programs in the fields of training ministry-bound me and women as biblical scholars

The University of Olivet shall not be prevented from continuing to use and to refer to itself in writing, in digital materials, verbal materials and in communications in any form as THE UNIVERSITY OF OLIVET, UOLIVET or UO provided such terms are consistent with the restrictions set forth above in terms 1 and 2.

**Petitioner's Position**

Respondent's proposal would not pause any aspect of its rebrand to THE UNIVERSITY OF OLIVET. By definition, a "rebrand" changes branding on existing services. Respondent's proposal only offers to refrain from expanding to new and currently non-existent campuses and services. In essence, Respondent's proposal offers two convenient concessions, but eschews any effort to work toward the compromise on which the Court ordered the parties to meet and confer. *See* ECF No. 17.

Respondent claims that any restraint on its current rebrand would "effectively require Respondent to revert to the OLIVET COLLEGE name or cease all such communications." We disagree. For example, Respondent can use "Olivet" alone, which it already does in many contexts. *See* https://www.uolivet.edu/admissions/ (showing the subheading, "Why Olivet"). Respondent also cannot explain why reverting to OLIVET COLLEGE would harm its interests, when up until recently it had been using this name for over 100 years.

During the parties' September 11, 2023 meet and confer, counsel for Petitioner asked counsel for Respondent whether it has plans to abandon its OLIVET COLLEGE federal trademark registration; no such plans were identified. Counsel for Respondent also confirmed during the meet and confer that Respondent is currently making dual use of its OLIVET COLLEGE and THE UNIVERSITY OF OLIVET marks, while insisting that dual use of such marks would be harmful.

The entirety of Respondent's below position claims harm associated with its current use of THE UNIVERSITY OF OLIVET and ancillary marks (i.e., UOLIVET and UO). While these arguments may be relevant to an application to enjoin *all use* of such marks (albeit not persuasive at least because Respondent brought upon itself any harm it may suffer from undoing its own misdeeds), they are irrelevant to the question of whether Respondent will suffer harm *from a pause*, i.e., a limit on expanding use of the objectionable marks on *existing services and campuses*.

Respondent also has not adequately responded to Petitioner's proposed disclaimer. *See supra* item 5. While such disclaimer is insufficient on its own to dispel a likelihood of confusion between the parties' marks, the conspicuous and prominent use of such disclaimer would certainly have a positive impact with respect to the ongoing actual confusion in the marketplace for the parties' services.

**Respondent's Position**

The terms proposed by Petitioner are tantamount to forcing Respondent to either cease operating or revert to the old name in its course materials, promotions and communications with current and prospective students and partners going forward. Respondent's use of its name, THE UNIVERSITY OF OLIVET, touches every aspect of its operations. In addition to physical uses of the mark on signage, athletic uniforms and facilities and printed materials, it is used daily in email and written correspondence with students, prospective students and others, including referral sources and community partners. It is also used on web-forms, including financial aid documents and the common college application. While there are minimal legacy uses of Olivet College, for months now, Respondent has identified itself in its materials and communications as THE UNIVERSITY OF OLIVET. Its communications using the new name are not occasional. They are sent daily. Therefore, the terms proposed by Petitioner, which seek to prohibit Respondent from generating any new materials or publically referring to itself as THE UNIVERSITY OF OLIVET would effectively require Respondent to revert to the OLIVET COLLEGE name or cease all such communications. Neither option is viable; nor, does either option preserves the status quo, which is that Respondent is and has been identifying itself as THE UNIVERSITY OF OLIVET. Respondent disagrees with Petitioner's contention that reverting to OLIVET COLLEGE will not harm Respondent and will address this issue in its briefing. Respondent also has no desire to link its website to Petitioner's website as proposed.

Considering the foregoing, Respondent has no practical way to stop its present use of the mark. But, Respondent has proposed terms that would limit its use of the new mark such that Respondent would not expand its use any new physical campus locations and not to use the new mark in connection with degree programs in the fields of training ministry-bound me and women as biblical scholars—the type of services offered by Petitioner.

Respectfully submitted,

Samuel V. Eichner
*Counsel for Petitioner*

Respectfully submitted,

Lawrence James, Jr.
*Counsel for Respondent*