

Pillsbury Winthrop Shaw Pittman LLP
31 West 52nd Street | New York, NY 10019-6131 | tel 212.858.1000 | fax 212.858.1500

Samuel V. Eichner
tel: 212.858.1154
sam.eichner@pillsburylaw.com

September 26, 2023

The Honorable Vernon S. Broderick     **VIA ECF**
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

    Re:     <u>*Olivet University v. Olivet College n/k/a The University of Olivet*, 1:23-cv-07909</u>

Dear Judge Broderick:

    Pursuant to the Court's September 21, 2023 Order (ECF No. 30), counsel for the parties met via telephone on Monday, September 25, 2023 to discuss Petitioner's request for a preliminary injunction and a potential stipulation to withdraw the same. The parties' respective positions are set forth below:

**<u>Petitioner's Position</u>**

    Petitioner intends to pursue its request for a preliminary injunction to enforce and preserve its important registered trademark rights and address ongoing irreparable harm from Respondent's infringing rebrand. Specifically, and consistent with Petitioner's concerns regarding ongoing reverse confusion, limited discovery would target evidence of actual confusion among Petitioner's customers, as would be shown in communications received *by Respondent*, which are within Respondent's possession, custody and control. Discovery would also seek to uncover whether the entirety of Respondent's alleged rebrand costs are solely attributable to the rebrand. *See, e.g.*, ECF No. 22, Ex. 12 (referencing $131,204 for a "Football Field Replacement" and $146,062.50 for "Employee Time" for "Senior leadership.") Further briefing would be necessary to update the parties' arguments in view of such evidence. At least because Petitioner has serious, well-founded concerns regarding Respondent's willingness to conceal material facts concerning its rebrand announced in May 2023, as alleged in detail in connection with Petitioner's fraudulent concealment claim (*see* ECF No. 1, ¶¶35-44), and which Respondent has effectively conceded (*see* ECF No. 22, ¶7), live testimony may be necessary. Petitioner reserves its right to request an evidentiary hearing at a date and time to be set by the Court. The need for such an evidentiary hearing will depend on the outcome of limited discovery.

    On Monday, September 25, 2023, the parties' counsel met and conferred. Counsel for Petitioner indicated that it may be willing to withdraw its preliminary injunction request if the parties could agree on specific terms, including but not limited to (1) Respondent's agreement not

to oppose the timing of a preliminary injunction motion before the ICC arbitral panel, and (2) Respondent's agreement to a one-arbitrator panel based on the terms set forth in the parties' agreement, namely, an arbitrator selected by Petitioner with the consent of Respondent, consent not to be unreasonably withheld. Counsel for Respondent indicated that he would discuss this proposal with his client, but that at least item 1 was probably unworkable because part of Respondent's argument is that it has undertaken significant steps toward a rebrand. Respondent now rejects both proposed conditions of withdrawing Petitioner's preliminary injunction request, which are both neutral conditions that do not favor one party over the other, and are intended to avoid unnecessary litigation costs.

**Respondent's Position**

Respondent intends to oppose Petitioner's request for a preliminary injunction. As the Court found in its September 20, 2023 Order denying Petitioner's request for a temporary restraining order, Petitioner has not demonstrated a likelihood of confusion (whether reverse or forward confusion) or irreparable harm. Should Petitioner insist on pursuing its request for a preliminary injunction, Respondent disagrees that live testimony is necessary or appropriate. Petitioner has not identified any particular subject matter or witnesses from whom live testimony would be sought that would justify its request for live testimony. Thus, Petitioner has not justified a need for the burden and expense of live testimony.

Likewise, Petitioner's vague and inappropriate accusation that Respondent is willing to conceal material facts as justification for an evidentiary hearing is completely unfounded. The 2023 Agreement negotiated by the parties delineated the boundaries of the Parties' respective uses of marks containing the term OLIVET. Petitioner agreed to those terms and Respondent complied with those terms. Contrary to Petitioner's argumentative contention above, Respondent did not "conceal material facts" and it certainly has not conceded that it did so.

With respect to Petitioner's request for "limited discovery targeting evidence of actual confusion among Petitioner's customers," Petitioner has not provided any details concerning what limits it is proposing on such discovery. Respondent will consider any specific proposal that it receives. Should the Court be inclined to permit Petitioner's request for limited discovery, Respondent would likewise request limited discovery concerning Petitioner's lack of communications showing actual confusion and thus lack of irreparable harm to Petitioner, as well as discovery concerning any contention by Petitioner that it has been or will be irreparably harmed.

With respect to Petitioner's suggestion that it may be willing to withdraw its request for preliminary injunction subject to certain conditions, Petitioner has not identified the conditions of its proposal; and, therefore Respondent is not in a position to either accept or reject that proposal. With respect to the two conditions suggested by Petitioner, Respondent has informed Petitioner that it is not willing to waive any arguments concerning the timeliness of a preliminary injunction motion before the ICC arbitral panel. With respect to Petitioner's condition that Respondent agree to a one-arbitrator panel, Respondent is disinclined to agree to that proposal. The Agreement of the parties specifies that all disputes will be finally resolved by three arbitrators and Respondent is not inclined at this time to modify that agreement. While the Agreement contemplates a single pre-arbitral referee for proceedings initiated under the Rules for a Pre-Arbitral Referee Procedure,

September 26, 2023
Page 3 of 3

Petitioner did not initiate that procedure and instead sought preliminary relief before this Court. Petitioner, having chosen to seek preliminary relief from this Court cannot now change forums, seeking a more favorable result.

|  Respectfully submitted, | Respectfully submitted, |
|---|---|
| Samuel V. Eichner<br>*Counsel for Petitioner* | Lawrence James, Jr.<br>*Counsel for Respondent* |